# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
:
WOLFGANG OSTER,                         :
                                        :
     Plaintiff,                       :    Civil Action No. 11-6740 (SRC)
                                        :
     v.                               :
                                        :       **ORDER**
ANGEL'S CONSTRUCTION SWIMMING           :
POOL RENOVATION, LLC et al.,            :
                                        :
     Defendants.                      :
_____:

**CHESLER**, **U.S.D.J.**

     This matter comes before the Court on the motion for entry of default judgment (Docket

Entry No. 10), pursuant to Federal Rule of Civil Procedure 55(b)(2), by Plaintiff Wolfgang Oster.

In brief, Plaintiff seeks entry of judgment by default as to Defendants Angel's Construction

Swimming Pool Renovation, LLC and Angel Gallegos.  The motion for entry of default

judgment will be granted in part, but the amount of damages cannot be determined on the record

presently before the Court, as no proofs of damages have been submitted.  Plaintiff seeks

damages for replacement of his swimming pool and attorney's fees.  Only a supporting affidavit

as to fees has been filed.

     On a motion for default judgment, the well-pleaded facts in the Complaint are accepted as

true.  "A consequence of the entry of a default judgment is that the factual allegations of the

complaint, except those relating to the amount of damages, will be taken as true." Comdyne I,

Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).  Damages must still be proven.  This Court

will Order Plaintiff to submit his proofs – affidavits, certifications, and invoices – in order to

determine whether the amount of damages is ascertainable without a proof hearing.

Plaintiff's request for attorney's fees will be denied.  While Plaintiff submitted an affidavit which demonstrated the amount of his legal costs, Plaintiff has not submitted anything which persuades this Court that he is entitled to such a fee award.  The well-pleaded facts in the Complaint do not establish an entitlement to attorney's fees.

The First Amended Complaint asserts four claims: 1) breach of contract; 2) negligence; 3) violation of New Jersey's Unfair Trade Practices Act by failure to provide proof of liability insurance; and 4) violation of New Jersey's Unfair Trade Practices Act by failure to display the contractor's registration number on its website.  Plaintiff has not shown a contractual entitlement to attorney's fees.  It is only the claims under the Unfair Trade Practices Act that might entitle Plaintiff to attorney's fees.  New Jersey's Unfair Trade Practices Act states:

> Any person who suffers any ascertainable loss of moneys or property, real or personal, as a result of the use or employment by another person of any method, act, or practice declared unlawful under this act or the act hereby amended and supplemented may bring an action or assert a counterclaim therefor in any court of competent jurisdiction. In any action under this section the court shall, in addition to any other appropriate legal or equitable relief, award threefold the damages sustained by any person in interest. In all actions under this section, including those brought by the Attorney General, the court shall also award reasonable attorneys' fees, filing fees and reasonable costs of suit.

N.J. Stat. Ann. § 56:8-19.  The New Jersey Supreme Court has interpreted this statutory provision as follows:

> A consumer who proves (1) an unlawful practice, (2) an ascertainable loss, and (3) a causal relationship between the unlawful conduct and the ascertainable loss, is entitled to legal and/or equitable relief, treble damages, and reasonable attorneys' fees, *N.J.S.A. 56:8-19.*

Lee v. Carter-Reed Co., L.L.C., 203 N.J. 496, 521 (2010) (citation omitted).  The First Amended

2

Complaint does not allege facts which support an award of attorney's fees under this statutory provision, pursuant to the standard set forth in <u>Lee</u>.  There is no factual basis in the First Amended Complaint to support any inference that there is a causal relationship between Plaintiff's losses and Defendants' failure to provide proof of liability insurance or failure to display the contractor's registration number on its website.  Accepting as true all well-pleaded facts regarding liability alleged in the First Amended Complaint, this Court cannot conclude that Plaintiff suffered any ascertainable loss caused by the actions alleged to have violated New Jersey's Unfair Trade Practices Act.  Attorney's fees will not be awarded.

For these reasons,

**IT IS** on this 26th day of July, 2012,

**ORDERED** that Defendant's motion for entry of default judgment (Docket Entry No. 10), pursuant to Federal Rule of Civil Procedure 55(b)(2), is **GRANTED** in part and **DENIED** in part, and Judgment in favor of Plaintiff is hereby entered against Defendants Angel's Construction Swimming Pool Renovation, LLC and Angel Gallegos; and it is further

**ORDERED** that, within 30 days of the date of entry of this Order, Plaintiff shall submit his proofs of his damages – affidavits, certifications, and invoices – so that this Court may determine whether the amount of damages is ascertainable without a proof hearing.

　　　　　　　　　　　　　　　s/ Stanley R. Chesler　　　
　　　　　　　　　　　　　　Stanley R. Chesler, U.S.D.J.

3